**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CONCEPCION PORTILLO,

Plaintiff,

v. CIV NO. 03-0596 ACT

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reverse the Administrative Decision, or in the Alternative, to Remand this Matter for Further Proceedings. (Doc. No. 6). The Commissioner of Social Security issued a final decision finding that the Plaintiff was not disabled and denying him Social Security disability benefits. The Plaintiff has moved this Court to reverse the final decision or to remand the Administrative Decision for further proceedings. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the Motion to Reverse or Remand the Administrative Decision is well taken in part and will be REMANDED FOR FURTHER PROCEEDINGS as described in this opinion.

**PROPOSED FINDINGS**

**I. PROCEDURAL RECORD**

Plaintiff Concepcion Portillo suffered angina in early March, 1999 and was hospitalized at his local hospital. After a cardiac analysis, Plaintiff was transferred to the larger regional hospital, Lubbock Methodist, where he had double bypass surgery on March 4, 1999. Plaintiff recovered from his surgery uneventfully. (TR 131-2, 128.) Plaintiff filed his application for disability insurance benefits and supplemental security income on April 15, 1999 alleging an inability to work since March 1, 1999 due to heart and stomach problems. (TR 70-76, 630-645). However, Plaintiff returned to his previous job as a truck driver on May 17, 1999. His application was denied on July 1, 1999 because he had substantial gainful employment since the onset date of his alleged disability. (TR 77).

Plaintiff requested a reconsideration which was again denied on July 27, 1999 for the same reason (Plaintiff was engaged in substantial gainful employment ). (TR 82-88). Plaintiff requested a hearing in August, 1999. By the time the hearing was held on June 8, 2000, Plaintiff had been laid off from his job as a truck driver due to a reduction in force and was collecting unemployment insurance. (TR 117, TR 42). The Administrative Law Judge (ALJ) denied Plaintiff's application in a written opinion issued July 21, 2000. (TR 230-236).

On August 14, 2000, Plaintiff requested a review of the administrative decision. (TR 238-241). In his request, Plaintiff wrote, "I am still sick. I am not able to work." (TR 238). On November 2, 2001, The Appeals Council, after reviewing the decision below as well as some new and material evidence which Plaintiff had submitted, remanded the Plaintiff's application to an ALJ for further proceedings.

A second administrative hearing was held on September 25, 2002. (TR 44-69). The ALJ received testimony from the Plaintiff, who was represented by an attorney, as well as from a vocational expert, Thomas Greiner. (TR 44-69). On July 31, 2003, the ALJ entered his written opinion denying Plaintiff's application. (TR 10-19).

In his opinion, the ALJ made findings and conclusions according to the sequential analysis set forth in 20 C.F.R. §404.1520(a)-(f) and *Thompson v. Sullivan*, 987 F. 2d, 1482, 1487 (10th Cir. 1993). Using a date of November 30, 1999 as the onset date of Plaintiff's alleged disability, the ALJ found:

1) claimant had not engaged in substantial gainful activity since the alleged onset of disability;

2) the claimant has an impairment or a combination of impairments considered "severe" based on the requirements in 20 C.F.R. §404.1520(b) and 416.920(b);

3) these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.4;

4) the claimant's allegations regarding his limitations are not totally credible;

5) the claimant has the residual functional capacity to lift ten (10) pounds frequently and twenty pounds (20) occasionally, to sit without limitation and to stand and walk occasionally. Claimant can work under moderate stress;

6) the claimant is unable to perform any of his past relevant work;

7) the claimant was an individual of advanced age on his alleged onset date and is closely approaching retirement age;

8) the claimant has a marginal education, is literate and is able to communicate in English;

9) the claimant has transferable skills from semi-skilled work he previously performed;

10) the claimant has the residual functional capacity to perform a significant range of light work;

11) the claimant has exertional limitations that do not allow him to perform the full range of light work. However, using Medical -Vocational Rule 202.03 as a framework for decision-making, there are a significant number of jobs in the national economy claimant could perform; and

12) the claimant is not under a disability as defined in the Social Security Act through the date of the decision.

Plaintiff requested review of this decision, stating merely "I disgre with the decision (sic)" (TR 9). The Appeals Council denied Plaintiff's request for a review on April 18, 2003, finding no reason under their rules to review the ALJ's decision. (TR 6-8). Plaintiff timely filed his Complaint for Review of the Administrative Decision with this Court on May 19, 2003. (Doc. No. 1).

## **II. STANDARD OF REVIEW**

The standard of review in a Social Security appeal is whether the Commissioner applied the correct legal standards and whether there is substantial evidence in the record to support the final decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act. *Emory v. Sullivan*, 936 F. 2d 1092, 1093 (10th Cir. 1991). The failure to apply the correct legal standard is grounds for reversal. *Byron v. Heckler*, 742 F. 2d 1232, 1235 (10th Cir. 1984). Likewise, this Court must reverse the decision if it is not supported by substantial evidence.

*Williams v. Bowen*, 844 F. 2d 748, 750 (10th Cir. 1988). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F. 2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris,* 698 F. 2d 407, 414 (10th Cir. 1983)).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing a disability application. 20 C.F.R. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, supra at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

## III. DISCUSSION

In this case, the ALJ determined that the Plaintiff met his burden of proof on the first four steps of the sequential evaluation process. The claimant argues however that the ALJ's decision on the fifth sequential evaluation process - that the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience - is not supported by substantial evidence and/or the ALJ erred as a matter of law in his use of hypothetical questions to the vocational expert or in his application of the grids.

First, Plaintiff argues that there is not substantial evidence to support the ALJ's finding that his impairments are exertional and therefore the ALJ erred when he used the grids to find the Plaintiff not disabled. Plaintiff argues that the entire record demonstrates that the nature and degree of his cardiac impairment and his "chronic and debilitating" pain, his dizziness and weakness establish a non-exertional impairment.

The Commissioner's findings are conclusive and will be affirmed if supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389 (1971). It is not the function of this Court to reweigh the evidence. *Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1500 (10th Cir. 1992). However in this case, at least two limitations - fatigue and shortness of breath - are established by substantial evidence in the record. Plaintiff's cardiac doctor, Dr. Charles Wilkins, reported in the "Cardiac Residual Functional Capacity Questionnaire" that Plaintiff has some limitation of activity due to fatigue and dyspnea.[1] (TR 622-628). The Questionnaire is dated July 10, 2002. This evidence is consistent with Plaintiff's complaints of dizziness and weakness made

---

[1] Dyspnea is defined as labored or difficult breathing in Dorland's Pocket Medical Dictionary, 23rd Edition, W. B. Saunders Company.

to medical personnel on December 7, 1999 (TR 163), December 17, 1999 (TR 165), and February 10, 2000 (TR 158). This evidence is also consistent with Plaintiff's "Chest Pain History Report" dated May 6, 1999 in which he reported weakness and dizziness.[2] (TR 640).

The ALJ found that the claimant has some limitations and some fatigue but is not otherwise limited by his cardiac condition. (TR 16). This finding is not supported by substantial evidence in the record. The Plaintiff's cardiologist reported, in response to a form sent by the Social Security Administration, that Plaintiff was limited in some degree due to fatigue and dyspnea. (TR 622-628). Therefore, the ALJ's determination that Plaintiff "is otherwise not limited by his cardiac condition according to his doctor" is not supported by substantial evidence. Therefore, this case must be remanded in light of this unsupported finding.

However, the other limitations Plaintiff complains of, specifically his chronic and debilitating pain, are not supported by substantial evidence in the record in accordance with the ALJ's findings. In July, 2002, the cardiologist reported that Plaintiff had some arm, shoulder and low back pain but no angina, that the limitations caused by the arm, shoulder and back pain are not a cardiac issue and that his prognosis should be good if he takes his medication. (TR 628-629). The ALJ wrote that Plaintiff reported that his stomach complaints have been worse in the last two years but that he had not been treated recently for this complaint. (TR 15). His complaints of stomach pain were evaluated in both 2000 and 2001 with unremarkable tests. (TR

[2] While Plaintiff uses the description "dizziness" his cardiac doctor does not mention this word. Noting however that Plaintiff has a marginal education, it is difficult to determine from the record proper whether Plaintiff's complaints of dizziness are similar or dissimilar to the cardiologist's term dyspnea. For purposes of this opinion, the Court will assume that when the Plaintiff complains of "dizziness", he is complaining of the same symptom which his cardiologist terms dyspnea.

15). This finding is supported by the medical evidence. (TR 543-551, 557-560). In the past few years, Plaintiff has been tested for gallstones and a gastric or duodenal ulcer, and had an abdominal CAT scan, all with negative results. (TR 605, 612, 514). The ALJ found that the Plaintiff complains of pain in his left arm and left leg, occurring once a week, but that Plaintiff had failed to establish any medically determinable impairment which could reasonably be expected to cause these symptoms. (TR 15). *See, e.g., Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). This too is supported by the record. (TR 557-558). Plaintiff takes medications to control his coronary artery disease, his hypertension and gastrointestinal complaints. He does not complain of side effects. (TR 15). The record supports the ALJ's finding that Plaintiff is able to drive, to walk one half mile twice a day and care for himself. (TR 642-645). The ALJ found that the claimant's allegations regarding his limitations are not totally credible. (TR 18).

The ALJ found that Plaintiff had exertional limitations that do not allow him to perform the full range of light work. (TR 18). There is substantial evidence in the record to support the ALJ's finding that Plaintiff's limitations concerning his chest pain and the pain in his arm, leg and back are exertional. Plaintiff wrote in his application for disability benefits that climbing stairs, walking in cold weather and making beds all caused chest pain. "Anything I doing hard makes feel discomfort. (sic)" (TR 641). His cardiologist stated that Plaintiff's pain in his back and shoulder are not cardiac issues but are probably due to arthritis. (TR 629). However, having determined that Plaintiff also has limitations caused by fatigue and dyspnea as supported by substantial evidence in the record, the Court is unable to determine from the record whether the limitations caused by the fatigue and dyspnea are exertional. Therefore, this case must be remanded for further findings by the ALJ concerning these limitations.

The ALJ recognized that when a claimant has certain exertional limitations or has any non-exertional limitations, the grids cannot be used exclusively to determine whether Plaintiff is disabled under the meaning of the Act. (TR 16). Therefore, the ALJ used the grids as a framework only for his decision, and not in the determinative manner that the grids are sometimes used, in deciding whether an applicant is disabled under the meaning of the Act. *Gossett v. Bowen*, 862 F. 2d 802 (10th Cir. 1988).

Plaintiff's first argument that the ALJ improperly used the grids must fail. The ALJ did not use the grids as the basis for his determination that Plaintiff was not disabled. He used the grids as a framework only because he determined that Plaintiff had some exertional limitations which precluded him from performing the full range of light work. (TR 18).

Plaintiff's second argument is that the ALJ erred as a matter of law when he asked the vocational expert a series of hypothetical questions because he did not include hypothetical episodes of "unpredictable and unforeseen periods of dizziness and weakness". The ALJ found that the Plaintiff had some fatigue but was not otherwise limited by his cardiac condition. This Court has determined that finding is not supported by substantial evidence in the record.

The hypothetical questions propounded to a vocational expert must include all the limitations that are established in the record. *Evans v. Cater*, 55 F.3d 530, 532 (10th Cir. 1995). In posing the hypothetical questions to the vocational expert, the ALJ went over his age, educational background, his past relevant work history and posed the limitations of lifting and carrying twenty (20) pounds occasionally and ten (10) pounds frequently. The vocational expert responded that these limitations would comport with light work and that with his transferability of skills, Plaintiff would be able to perform two particular types of jobs - chauffeur and a monorail

crane operator, both light semi-skilled positions which would require very little vocational adjustment for the Plaintiff. (TR 63-64, 17).

However the ALJ did not pose the hypothetical of the limitations caused by fatigue and dyspnea which this Court has determined are supported by substantial evidence in the record. It is incumbent upon the ALJ to pose all limitations established by the record to the vocational expert on remand. *See, Evans v. Cater, supra*. Therefore, the determination by the ALJ that Plaintiff is not disabled under the meaning of the Act is not supported by substantial evidence and this decision must be remanded for further proceedings consistent with this opinion.

Plaintiff's third argument is that the application of the grids to the Plaintiff mandates a finding of disabled because claimant is of an advanced age and is illiterate in the English language "unable to read, write, speak or understand it". The ALJ found that the Plaintiff, having been born on December 8, 1940, was of an advanced age at the time of his alleged onset of disability and is now approaching retirement age. But the ALJ found that claimant has a marginal education and is at least literate and able to communicate in English. (TR 16, 18). This finding is supported by substantial evidence in the record. Plaintiff testified at his hearing that he went to school to the fifth grade in Mexico. (TR 36). While a translator was present at his hearing in 2000, the Plaintiff agreed that the hearing could proceed in English. (TR 32). At the second hearing in 2002, the Plaintiff stated that there are some words he didn't understand. An interpreter was used. (TR 49). In his application, Plaintiff answered that he could speak English, read English and write more than his name in English. (TR 630). While his application, including his Chest Pain History and this Daily Activities Questionnaire, contained misspellings, the application demonstrates that Plaintiff could understand the written questions and answer with

sufficient clarity to make himself understood. (For example, when he does something hard or strains, he feels discomfort.) (TR 641, 642). The ALJ's finding that Plaintiff is literate is supported by substantial evidence in the record and this Court will not reweigh the evidence to find otherwise.

**ORAL RECORDING OF HEARING**

The Court notes that the transcript provided to it of the hearing held September 25, 2002 at which the Vocational Expert testified, contained over a hundred instances of "Inaudible" so that it was nearly impossible to for the Court to obtain any substantive information from the hearing. On remand, the parties and the ALJ are urged to take the steps necessary so the hearing is audible to the transcriber and the transcript can be used substantively by the Court, if necessary.

**CONCLUSION**

The finding of the ALJ that Plaintiff "has some fatigue, but it otherwise not limited by his cardiac condition according to his doctor" is not supported by substantial evidence in the record. The limitations of fatigue and dyspnea are established by substantial evidence in the record. The hypothetical questions posed to the vocational expert did not include all the limitations established by the record. Therefore, this case must be REMANDED FOR FURTHER PROCEEDINGS consistent with this Memorandum Opinion and Order.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE